**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**ANTHONY C. FLORES, Defendant**

Criminal Case No. 199F-78

Superior Court of Guam

August 8, 1979

**ABBATE,** *Presiding Judge*

This matter came on for hearing in the above-captioned court, the Honorable Paul J. Abbate presiding, on August 6, 1979. The Territory was represented by Assistant Attorney General Paul Pohlen and the defendant was represented by Stephen Cronin. Defendant moved to suppress a written statement made on June 2, 1978, and oral statements allegedly made at a polygraph examination on September 13, 1978.

## 1. THE STATEMENT OF JUNE 2, 1978

The written statement of Mr. Flores was taken after interrogation from approximately 10:30 p.m. on June 1, 1978, until 5:00 a.m. on June 2. During this time Mr. Flores was not in communication with any friends, relative or advisor, but solely limited to contact with two shifts of interrogating police officers. At the time of the interrogation, Mr. Flores was nineteen (19) years of age by less than two (2) months and, although he had been passed through further grades, the possessor of a fourth grade education.

Prior to this statement, Mr. Flores claims to have been physically abused and threatened by Detective Ulloa. This allegation is denied by Detective Ulloa. It is undisputed that Detective Ulloa was alone in the interrogation room with Mr. Flores prior to his making any inculpatory statement.

 Giving due weight to the age and intelligence of the accused, length of detention and interrogation, conditions of interrogation, and allegations of threats and physical abuse, it is the decision of the court that, in the totality of the circumstances, the Territory has not met its burden of showing by a preponderance of the evidence that the statement of June 2, 1978, was freely and voluntarily given. It must, therefore, be suppressed. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619 (1972).

## 2. ORAL STATEMENTS OF SEPTEMBER 13, 1978

Pursuant to plea discussions with the prosecution, Mr. Flores arranged to take a polygraph examination through his counsel. The evidence is undisputed that the defense and prosecution agreed on nine (9) questions which would be asked Mr. Flores. The answers to these questions might be exculpatory, but they would not be inculpatory as they were phrased in terms of whether Mr. Flores' co-defendant had acted alone in committing the murder. It is also undisputed that Mr. Flores and his attorney were told that Mr. Flores' attorney could not be present during the examination as it would disrupt the polygraph process.

In fact, additional inculpatory questions were asked of Mr. Flores by the police polygraph operator. After the polygraph examination, Mr. Flores was told he was lying, and the police conducted what they referred to as a "post-polygraph interview" in the absence of counsel, during which Mr. Flores allegedly made certain oral admissions.

Prior to the giving of the polygraph, Mr. Flores was given a "modified" advice of rights form. Lieutenant Diego, the polygraph examiner, testified that the form stated that the results of the polygraph may be used, and that meant that the results might be used by the Attorney General's office in deciding to proceed with the case or not. No other advice of constitutional rights was given.

■ The alleged statements must be suppressed for two reasons. First, the warnings were not in compliance with those mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602 (1966). And in the absence of *Miranda* warnings, statements made at or after polygraph examination are not admissible against a defendant. *People v. Algien,* 501 P.2d 468 (Colo. 1972); *Sparks v. State,* 229 N.E.2d 642 (Ind. 1967); *Commonwealth v. Bennett,* 264 A.2d 706 (Pa. 1970); *State v. Faller,* 227 N.W.2d 433 (S.D. 1975).

■ Second, under the facts of this case, it cannot be said that there was "an intentional abandonment of a known right or privilege" (*Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023) in Mr. Flores not having his attorney present. Mr. Flores was told that his attorney could not be present while he cooperated and took a polygraph limited to nine (9) questions necessary to effect a deal with the prosecution. The police then expanded this into additional polygraph questions and a post-polygraph interrogation, all without the presence of his attorney. The Territory made no showing of an express waiver of counsel and, under these circumstances, none can be implied from the limited waiver given to answer nine (9) specific questions in the absence of counsel. The Territory has fallen far short of showing an intentional abandonment of the right to counsel. (See *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232 (1977).)

For the foregoing reasons, defendant's motion request-

ing suppression of all statements made on June 1 and 2, 1978, and September 13 is granted.

IT IS SO ORDERED.